UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EVELYN EMPERADOR-BAKER                 CIVIL ACTION

VERSUS                                 NO. 16-17058

JAZZ CASINO COMPANY, LLC               MAGISTRATE JUDGE
                                       JOSEPH C. WILKINSON, JR.

## ORDER AND REASONS ON MOTION

 This is an employment discrimination action brought by plaintiff Evelyn Emperador-Baker against her former employer, Jazz Casino Company, LLC d/b/a Harrah's New Orleans Casino ("Harrah's"), asserting claims of sex discrimination, hostile work environment, constructive discharge and retaliation in violation of Title VII, 42 U.S.C. § 2000e et seq., and the Louisiana Employment Discrimination Law, La. Rev. Stat. § 23:301 et seq; and state-law tort claims of assault and battery. Complaint, Record Doc. No. 1. This matter was referred to a United States Magistrate Judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c) upon written consent of all parties. Record Doc. No. 16.

 Harrah's filed a Partial 12(b)(6) Motion to Dismiss only plaintiff's constructive discharge and retaliation claims under federal and state law, her state law tort claims, and her third and fourth causes of action denominated in her complaint as "Lack of Policy for Sexual Harassment, Discrimination and Retaliation" and "Compensatory and Punitive Damages under Title VII Are Allowed," respectively. Record Doc. No. 7. Emperador-Baker filed a timely opposition memorandum, Record Doc. No. 18, and defendant received

leave to file a reply memorandum. Record Doc. Nos. 19, 21, 22. Having considered the complaint, the record, the arguments of the parties and the applicable law, and for the following reasons, IT IS ORDERED that the motion is GRANTED IN PART AND DENIED IN PART as follows.

ANALYSIS

A.     Standard of Review

Defendant moves under Rule 12(b)(6) to dismiss plaintiff's claims for failure to state a claim upon which relief can be granted. Under this rule, as recently clarified by the Supreme Court,

> "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."

Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 796 (5th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007))).

"The Supreme Court's decisions in Iqbal and Twombly . . . did not alter the long-standing requirement that when evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff." Id. at 803 n.44 (quotation omitted); accord Murchison Capital

Partners, L.P. v. Nuance Commc'ns, Inc., 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing Wood v. Moss, 134 S. Ct. 2056, 2065 n.5 (2014)).

"With respect to any well-pleaded allegations 'a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Jabary v. City of Allen, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting Iqbal, 556 U.S. at 664). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Maloney Gaming Mgmt., L.L.C. v. St. Tammany Parish, 456 F. App'x 336, 340 (5th Cir. 2011) (quotations omitted) (citing Iqbal, 129 S. Ct. at 1959; Elsensohn v. St. Tammany Parish Sheriff's Ofc., 530 F.3d 368, 371 (5th Cir. 2008); In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 n.10 (5th Cir. 2007)).

B.    State Law Claims

Harrah's argues that all of Emperador-Baker's claims under the Louisiana Employment Discrimination Law and Louisiana tort law are untimely. Plaintiff does not oppose dismissal of her state law claims of sex discrimination, sexual harassment, hostile work environment, retaliation, assault and battery. Accordingly, defendant's motion is GRANTED to the extent it seeks dismissal of her claims under Louisiana law.

C.    Title VII Claims

Harrah's argues that plaintiff's constructive discharge and retaliation claims under Title VII are barred because she did not assert these claims in the charge of sex

discrimination and hostile work environment that she filed with the Equal Employment Opportunity Commission (the "EEOC") and because constructive discharge and retaliation are outside the scope of the EEOC investigation that could reasonably be expected to grow out of the sex discrimination charge. Harrah's motion is GRANTED with respect to plaintiff's retaliation claim, but DENIED with respect to her constructive discharge claim, for the following reasons.

### 1.    Documents Attached to Plaintiff's Opposition Memorandum

Initially, the court must decide whether to consider the documents attached to plaintiff's opposition memorandum in determining defendant's Rule 12(b)(6) motion to dismiss. "Title VII requires employees to exhaust their administrative remedies before seeking judicial relief." McClain v. Lufkin Indus., Inc., 519 F.3d 264, 273 (5th Cir. 2008). The filing of a charge with the EEOC within 300 days of the last allegedly discriminatory or retaliatory act and receipt of a notice of right to sue are prerequisites to filing a Title VII suit in a deferral state such as Louisiana. Janmeja v. Bd. of Supervisors, 96 F. App'x 212, 214 (5th Cir. 2004).

Emperador-Baker asserted in her complaint that she filed a charge with the EEOC, but she did not attach the charge to her complaint. Harrah's did not attach the charge to its motion to dismiss, despite saying that it had done so and relying on the allegations of the charge in its motion. However, plaintiff attached the charge to her memorandum in opposition to defendant's motion. Record Doc. No. 18-3.

The court may "consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims," without converting the motion to one for summary judgment. Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp., 748 F.3d 631, 635 (5th Cir. 2014). An EEOC charge that is referenced in a plaintiff's Title VII complaint is central to her claim and may be considered in deciding a Rule 12(b)(6) motion. Carter v. Target Corp., 541 F. App'x 413, 416-17 (5th Cir. 2013) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000); Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991)). The court may take judicial notice of the EEOC charge, which is a public record whose authenticity is not disputed. Papasan v. Allain, 478 U.S. 265, 269 n.1 (1986); Cinel v. Connick, 15 F.3d 1338, 1346 n.6 (5th Cir. 1994); Davenport v. HansaWorld USA, Inc., 23 F. Supp. 3d 679, 686 n.1 (S.D. Miss. 2014); Thomas v. Lowe's Home Ctrs., Inc., No. 13-0779, 2014 WL 545862, at *2 n.5 (W.D. La. Feb. 10, 2014); Tucker v. Waffle House, Inc., No. 12-2446, 2013 WL 1588067, at *2, *6 (E.D. La. Apr. 11, 2013) (citing Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011)). Both Harrah's and Emperador-Baker rely on her EEOC charge, which was referenced in and central to her complaint. The court therefore considers the charge in this decision.

However, the other exhibits that Emperador-Baker attached to her memorandum, consisting of her EEOC intake questionnaire, a transmittal letter from the EEOC and her resignation letter, Record Doc. Nos. 18-2, 18-4 and 18-5, are not authenticated, referenced

in or attached to her complaint, or central to her claims. Unlike a formal charge of discrimination, which is signed under penalty of perjury by the complainant, the EEOC intake questionnaire is not a charge. The charge is the document that the EEOC sends to the employer to provide notice of the employee's allegations. 42 U.S.C. § 2000e-5(b); 29 C.F.R. §§ 1601.9, 1601.3(a) (2017); Lawson v. Parker Hannifin Corp., 614 F. App'x 725, 729, 730 n.4 (5th Cir. 2015) (quoting Gorman v. Verizon Wireless Tex., L.L.C., 753 F.3d 165, 170 (5th Cir. 2014)) (interpreting Texas Commission on Human Rights Act and "not[ing] that '[t]he substantive law governing Title VII and TCHRA retaliation claims is identical.'"); Harris v. Honda, 213 F. App'x 258, 262 (5th Cir. 2006) (same).

An intake questionnaire is neither signed under oath nor transmitted to the employer and has no legal effect. Id. at 261-62; White v. Goodyear Tire & Rubber Co., 198 F.3d 240, 1999 WL 824471, at *4 (5th Cir. Sept. 29, 1999); Williams v. Cardinal Health 200, LLC, 948 F. Supp. 2d 652, 658 (E.D. La. 2013). "Because factual statements are such a major element of a charge of discrimination, we will not construe the charge to include facts that were initially omitted" from the charge. Harris, 213 F. App'x at 261 (citing Price v. Sw. Bell Tel. Co., 687 F.2d 74, 78 (5th Cir. 1982); Sanchez v. Std. Brands, Inc., 431 F.2d 455, 462 (5th Cir. 1970)) (emphasis added). The court therefore does not consider plaintiff's EEOC intake questionnaire, the transmittal letter from the EEOC or her resignation letter.

2. <u>Retaliation</u>

A Title VII complaint "is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." <u>Mack v. John L. Wortham & Son, L.P.,</u> 541 F. App'x 348, 358 (5th Cir. 2013) (citing <u>Pacheco v. Mineta,</u> 448 F.3d 783, 789 (5th Cir. 2006); <u>Thomas v. Tex. Dep't of Crim. Justice,</u> 220 F.3d 389, 395 (5th Cir. 2000); <u>Young v. City of Houston,</u> 906 F.2d 177, 179 (5th Cir. 1990)). "'[D]iscrimination and retaliation claims are distinct, and the allegation of one in an EEO charge does not exhaust a plaintiff's remedies as to the other.'" <u>Lavigne v. Cajun Deep Founds., L.L.C.,</u> 654 F. App'x 640, 648 (5th Cir. 2016), <u>cert. denied,</u> 2017 WL 1040870 (U.S. Mar. 20, 2017) (quoting <u>Bouvier v. Northrup Grumman Ship Sys., Inc.,</u> 350 F. App'x 917, 921 (5th Cir. 2009)).

Emperador-Baker signed her formal charge of sex discrimination on June 19, 2014. Record Doc. No. 18-3. Only the box for sex discrimination was checked. Although she handwrote some changes on the typed form, plaintiff did not add to that designation. The body of her charge stated that she had been subjected to a sexually hostile work environment since 1999, and described two specific incidents involving the conduct of Harrah's customers between March 3 and May 2, 2014. The "retaliation" box on the form is <u>not</u> checked and the charge does <u>not</u> mention any retaliatory conduct.

The charge as a whole, including plaintiff's vague allegation that "many [female employees] are in fear of losing their jobs" because they had been "instructed not to talk

back or defend ourselves" when customers verbally harassed them, contains no allegations that Harrah's retaliated against Emperador-Baker in any way for having reported or opposed any conduct protected by Title VII. The EEOC's investigation based on this hostile work environment charge could not reasonably have been expected to encompass retaliation. See Lavigne, 654 F. App'x at 648 ("Because Plaintiff neither checked the box alleging retaliation nor alleged any facts [in his charge of race discrimination] relevant to a claim of retaliation, his claim of retaliation [asserted in an amended charge filed more than 300 days after his termination] does not relate back."); Garrett v. Judson Indep. Sch. Dist., 299 F. App'x 337, 344 n.7 (5th Cir. 2008) (investigation of charge that alleged race and sex discrimination and retaliation not expected to encompass uncharged age discrimination); Thomas, 220 F.3d at 395 (investigation of sex discrimination charge not expected to encompass race discrimination); Manning v. Chevron Chem. Co., 332 F.3d 874, 878–79 (5th Cir. 2003) (plaintiff who alleged only race and gender discrimination and retaliation in EEOC charge could not bring disability discrimination claim); Killian v. Donahoe, No. 14-1951-SS, 2015 WL 225255, at *3 (E.D. La. Jan. 15, 2015) (retaliation claim not reasonably expected to grow out of charge of race, age and disability discrimination); Hunter v. Union Pac. R., No. H-11-3408, 2013 WL 3229910, at *9 (S.D. Tex. June 25, 2013) (plaintiff "did not check the EEOC complaint form box indicating that he was making a retaliation complaint and did not allege any facts suggesting that he

believed that Union Pacific had retaliated against him" when he filed race discrimination charge).

Even if the court considered Emperador-Baker's intake questionnaire as authentic and central to her claims, the questionnaire contains no factual allegations to support a retaliation charge. Her assertion in the questionnaire that she "was still given attendance points" when she took time off after an assault by a customer on March 3, 2014, and her vague allegation that female employees generally "are instructed not to talk back or defend ourselves" to abusive customers, Record Doc. No. 18-5 at p. 2, would not alert the EEOC to investigate specific instances of retaliation against her for having engaged in protected activity. Emperador-Baker repeatedly referred to sexual harassment and hostile work environment in her intake questionnaire. She did <u>not</u> check the box for retaliation on the questionnaire form in response to instructions to do so if she was complaining about discrimination "and a negative action was threatened or taken." <u>Id.</u>

Emperador-Baker failed to exhaust her administrative remedies as to her retaliation claim. The last possible act of retaliation was her alleged constructive discharge on June 26, 2014. Because more than 300 days have passed since that date, she is now time-barred from filing an EEOC charge based on those events and her retaliation claim must be dismissed. <u>Nat'l R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 109, 113 (2002); <u>Martin v. Lennox Int'l Inc.</u>, 342 F. App'x 15, 18 (5th Cir. 2009); <u>Stith v. Perot Sys. Corp.</u>, 122 F. App'x 115, 117 (5th Cir. 2009); <u>Hartz v. Adm'rs of Tulane Educ. Fund</u>, 275 F.

App'x 281, 287 (5th Cir. 2008); <u>Tyler v. Union Oil Co.</u>, 304 F.3d 379, 382, 391 (5th Cir. 2002).  Accordingly, defendant's motion to dismiss is GRANTED as to plaintiff's retaliation claim.

2.   <u>Constructive Discharge</u>

Emperador-Baker alleges that she was constructively discharged when she resigned on June 26, 2014 because of the severity and frequency of the verbal and sexual abuse by customers, which defendant failed to prevent.  Complaint, Record Doc. No. 1.  Harrah's contends that this claim is barred because plaintiff did not allege constructive discharge in her EEOC charge, which was signed on June 19, 2014, four days before she resigned, Record Doc. No. 18-3, but not received by the EEOC until June 30, 2014.[1]  Harrah's argues that constructive discharge was not within the scope of the investigation that could reasonably be expected to grow from plaintiff's sex discrimination charge.

Emperador-Baker's claim of constructive discharge could reasonably be expected to grow out of her charge of a sexually hostile work environment filed four days after she resigned.  A constructive discharge claim consists of allegations of discrimination or harassment so egregious that the employer's actions led to plaintiff's forced resignation.

To establish a discrimination claim under Title VII, Emperador-Baker must prove that she suffered an "adverse employment action," which is defined as an "ultimate

---

[1]Although the court does <u>not</u> consider Plaintiff's Exh. B, Record Doc. No. 18-2, which is an unauthenticated transmittal letter apparently time-stamped June 30, 2014 by the EEOC, Harrah's states in its memorandum that the EEOC received the charge on June 30, 2014.  Plaintiff does not dispute that date and the court assumes for present purposes that it is correct.

employment decision[ ] such as hiring, <u>firing</u>, demoting, promoting, granting leave, and compensating." <u>Thompson v. City of Waco</u>, 764 F.3d 500, 503 (5th Cir. 2014) (citations omitted) (emphasis added). "[A] resignation may still constitute an adverse employment action 'if the resignation qualifies as a constructive discharge.' 'To prove a constructive discharge, a plaintiff must establish that working conditions were so intolerable that a reasonable employee would feel compelled to resign.'" <u>Brown v. Liberty Mut. Grp., Inc.</u>, 616 F. App'x 654, 657 (5th Cir. 2015) (quoting <u>Brown v. Kinney Shoe Corp.</u>, 237 F.3d 556, 566 (5th Cir. 2001)). "Discrimination alone, without aggravating factors, is insufficient for a claim of constructive discharge, as is a discriminatory failure to promote." <u>Brown</u>, 237 F.3d at 566 (citations omitted). Similarly, to establish constructive discharge based on a hostile work environment, plaintiff "must demonstrate a greater severity or pervasiveness of harassment than the minimum required to prove a hostile working environment." <u>Noack v. YMCA of Greater Houston Area</u>, 418 F. App'x 347, 352 (5th Cir. 2011) (citing <u>Stover v. Hattiesburg Pub. Sch. Dist.</u>, 549 F.3d 985, 991 (5th Cir. 2008)).

Emperador-Baker alleges that she was forced to resign as a result of the ongoing sexually hostile work environment that she described in her EEOC charge. Although her charge cited only two specific incidents in March and May 2014, she stated that Harrah's "promotes a sexually hostile work environment" and had done so since the beginning of her employment in 1999. The EEOC could reasonably be expected to learn during its investigation of her hostile work environment charge that plaintiff resigned a few days later

because of the same actions by defendant and could reasonably be expected to include that claim within the scope of its investigation.

The cases cited by Harrah's do not present similar facts or procedural posture and are not persuasive that Emperador-Baker fails to state a constructive discharge claim. <u>See Stone v. La. Dep't of Revenue</u>, 590 F. App'x 332, 338 (5th Cir. 2014) (plaintiff who resigned 19 months after events described in her charge of race discrimination, harassment and retaliation did not exhaust administrative remedies as to constructive discharge claim because she did not allege any facts in her charge that reasonably encompassed her constructive discharge claim); <u>Simmons-Myers v. Caesars Entm't Corp.</u>, 515 F. App'x 269, 273 (5th Cir. 2013) (no constructive discharge claim; allegations of race discrimination and retaliation based on plaintiff's termination did not relate back to EEOC charge of sex discrimination regarding her sales goals filed seven months earlier); <u>O'Neal v. Roadway Express</u>, 181 F. App'x 417, 418 (5th Cir. 2006) (no claim of constructive discharge; affirming dismissal of plaintiff's race discrimination and retaliation claims based on discrete events that occurred more than six months after the discriminatory and retaliatory events described in his EEOC charge); <u>Ellzey v. Catholic Charities Archdiocese</u>, 833 F. Supp. 2d 595, 602 (E.D. La. 2011) (no constructive discharge claim; dismissing plaintiff's pre-termination sexual harassment claim on summary judgment because it could not have been expected to grow out of her EEOC charge alleging sex discrimination and retaliation based solely on having been fired).

Emperador-Baker states a claim for constructive discharge that is plausible on its face, no matter how doubtful in fact. Defendant's motion is DENIED as to this claim.

D.    Third and Fourth Causes of Action

Harrah's moves to dismiss plaintiff's third and fourth causes of action, which are styled "Lack of Policy for Sexual Harassment, Discrimination and Retaliation" and "Compensatory and Punitive Damages under Title VII Are Allowed." As plaintiff concedes, these portions of her complaint do not state claims for relief, but address defendant's anticipated, Ellerth/Faragher affirmative defense and plaintiff's remedies of damages, front pay and back pay. Emperador-Baker admits that her reference in her fourth cause of action to Title IX Education Amendments, 20 U.S.C. 1681 et seq., was a typographical error.

Because these "causes of action" are not claims, they are dismissed insofar as they are asserted as causes of action. The allegations remain in the complaint, however, as what they are in fact: assertions in response to an affirmative defense and in support of the remaining claims, and part of plaintiff's prayer for relief.

CONCLUSION

For all of the foregoing reasons, IT IS ORDERED that defendant's motion to dismiss is GRANTED IN PART and that Emperador-Baker's claims under Louisiana state law and her third and fourth "causes of action" are DISMISSED WITH PREJUDICE. In all other respects, the motion is DENIED. Plaintiff's claims remaining for trial at this time

13

are her sex discrimination, hostile work environment and constructive discharge claims

under Title VII, together with all requested remedies and relief.

New Orleans, Louisiana, this _____12th_____ day of April, 2017.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

14