UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EVELYN EMPERADOR-BAKER | CIVIL ACTION |
| VERSUS | NO. 16-17058 |
| JAZZ CASINO COMPANY, LLC | MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

## ORDER AND REASONS ON MOTION

This is an employment action brought by plaintiff Evelyn Emperador-Baker against her former employer, Jazz Casino Company, LLC d/b/a Harrah's New Orleans Casino ("Harrah's"). Plaintiff's remaining claims assert sex discrimination, hostile work environment and constructive discharge in violation of Title VII, 42 U.S.C. § 2000e et seq. Harrah's filed a Motion to Strike Garry Neil Roark as a Designated Expert. Record Doc. No. 48. Plaintiff filed a timely memorandum in opposition. Record Doc. No. 50. Defendant received leave to file a reply memorandum. Record Doc. Nos. 51, 52, 53. For the following reasons, IT IS ORDERED that the motion is DENIED.

## ANALYSIS

In Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592-593 (1993), "the Supreme Court explained that [Fed. R. Evid.] 702 assigns to the district judge a gatekeeping role to ensure that scientific testimony is both reliable and relevant." Johnson v. Arkema, Inc., 685 F.3d 452, 459 (5th Cir. 2012) (quotation and citation omitted). "The aim is to exclude expert testimony based merely on subjective belief or unsupported speculation." Johnson v. Big Lots Stores, Inc., No. 04-3201, 2008 WL 1930681, at *1 (E.D. La. Apr. 29, 2008) (citing Daubert, 509 U.S. at 590). Plaintiff, as the party offering

the expert testimony, bears the burden of establishing its reliability and relevance by a preponderance of the evidence.  Johnson, 685 F.3d at 459.

To qualify as an expert, the witness "must have such knowledge or experience in [his] field or calling as to make it appear that his opinion or inference will probably aid the trier [of fact] in [its] search for truth."  United States v. Hicks, 389 F.3d 514, 524 (5th Cir. 2004) (quotation omitted).  "As long as some reasonable indication of qualifications is adduced, the court may admit the evidence without abdicating its gate-keeping function.  After that, qualifications become an issue for the trier of fact rather than for the court in its gate-keeping capacity."  Rushing v. Kan. City S. Ry., 185 F.3d 496, 507 (5th Cir. 1999), superseded in part by statute on other grounds as noted in Mathis v. Exxon Corp., 302 F.3d 448, 459 n.16 (5th Cir. 2002).

"The qualification standard for expert testimony is not stringent, and so long as the expert is minimally qualified, objections to the level of the expert's expertise [go] to credibility and weight, not admissibility."  QBE Ins. Corp. v. Jorda Enters., Inc., No. 10-21107, 2012 WL 913248, at *3 (S.D. Fla. Mar. 16, 2012) (quotations omitted) (citing Rushing, 185 F.3d at 507; Clena Invs., Inc. v. XL Specialty Ins. Co., No. 10-62028, 2012 WL 266422, at *6 (S.D. Fla. Jan. 30, 2012); Vision I Homeowners Ass'n, Inc. v. Aspen Specialty Ins. Co., 674 F. Supp. 2d 1321, 1324 (S.D. Fla. 2009); Johnson, 2008 WL 1930681, at *14).

"'[A]s a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should

be left for the jury's consideration.'" Primrose Operating Co. v. Nat'l Am. Ins. Co., 382 F.3d 546, 562 (5th Cir. 2004) (quoting United States v. 14.38 Acres of Land, 80 F.3d 1074, 1077 (5th Cir. 1996)). As the Supreme Court noted in Daubert, "'[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" Id. (quoting 14.38 Acres of Land, 80 F.3d at 1078) (internal quotations omitted)).

The district court has considerable discretion to admit or exclude expert testimony. Gen. Elec. Co. v. Joiner, 522 U.S. 136, 138-39 (1997); Seatrax, Inc. v. Sonbeck Int'l, Inc., 200 F.3d 358, 371 (5th Cir. 2000).

Harrah's asserts four basic reasons why Roark should be stricken as an expert for plaintiff: (1) his report lacks any opinions; (2) he lacks adequate qualifications to be accepted as an expert; (3) his report does not contain an adequate methodology; and (4) his report fails to comply with Fed. R. Civ. P. 26(a). All of these arguments are unpersuasive.

First, Roark's opinions and expert conclusions are stated at pages 2 and 3 of his report. Second, he has adequate experience and knowledge based on his work history to qualify as an expert in security procedures in the gaming industry, which is the subject matter in which his expertise is being proffered. He is not being proffered, and will not be accepted, as defendant apparently argues, as an expert specifically in sexual harassment protocols or an employer's legal duties regarding sexual harassment. Harrah's correctly argues that Roark's opinions are not relevant to its Ellerth/Faragher defense. However, his

opinions are relevant to plaintiff's claim that Harrah's fostered and permitted a sexually harassing and hostile work environment by allowing its customers to make sexually explicit remarks and physical contact with its women employees, including plaintiff, as a result of its inadequate security procedures and its instructions to its employees not to upset customers by complaining about the customers' sexually harassing actions. Third, Roark's methodology and the basis for his opinions are adequately described in his report. He bases his conclusions on his observations about security practices at Harrah's. Finally, Roark's report complies adequately with Fed. R. Civ. P. 26(a)(2)(B).

## CONCLUSION

Defendant's arguments go principally to the <u>weight</u>, if any, that the jury should assign to Roark's testimony. Those positions are properly expressed through cross-examination of Roark at trial, not through his exclusion as a witness. For all of the foregoing reasons, IT IS ORDERED that defendant's motion to Strike Garry Neil Roark as a Designated Expert is DENIED.

New Orleans, Louisiana, this __15th__ day of November, 2017.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE